**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1283-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GARY MADDOX, a/k/a
GARY FOSTER,

    Defendant-Appellant.

_____

Submitted May 6, 2025 – Decided June 11, 2025

Before Judges Gilson and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 07-09-0124.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Amira R. Scurato, Designated Counsel, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent (Thomas R. Clark, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Gary Maddox appeals from a December 6, 2023 order denying his petition for post-conviction relief (PCR) following an evidentiary hearing. In essence, defendant disagrees with the PCR court's factual findings. Because the PCR court's factual findings are supported by substantial credible evidence, we affirm.

I.

In 2007, following an extensive investigation conducted by State police, defendant and several co-defendants were indicted for multiple drug-related crimes. The charges against defendant included first-degree racketeering, N.J.S.A. 2C:41-2; first-degree leader of a narcotics trafficking network, N.J.S.A. 2C:35-3, 2C:2-6; first-degree distribution of cocaine, N.J.S.A. 2C:35-5(a)(1), 2C:35-5(b)(1), 2C:35-5(c); second-degree conspiracy, N.J.S.A. 2C:5-2; as well as related drug offenses.

In 2009, a ten-day trial was conducted. At trial, the State presented extensive evidence that defendant had engaged in the sale of various controlled dangerous substances. That evidence included testimony and recorded telephone conversations concerning numerous controlled purchases of narcotics from defendant. The State also presented evidence that defendant supervised at least three people as part of a narcotics trafficking network. Those individuals

were co-defendants Lori Gephart, defendant's girlfriend, Gerald Foster, defendant's younger "brother", and Charles Muldrow, defendant's nephew.

Before defendant's trial, Gephart, Foster, and Muldrow all pled guilty to drug-related charges. In pleading guilty, both Gephart and Foster gave testimony that they had worked for and were controlled by defendant in their narcotics trafficking activities. As part of her plea agreement, Gephart agreed to give truthful testimony on behalf of the State at defendant's trial.

A jury convicted defendant of eight crimes, including first-degree racketeering, second-degree conspiracy, first-degree leader of a narcotics trafficking network, and first-degree distribution of cocaine. Defendant was sentenced to an aggregate term of life in prison, with thirty years of parole ineligibility, plus additional consecutive sentences of fifteen and three years for other convictions.[1]

Defendant filed a direct appeal, but we affirmed his convictions and sentence. State v. Maddox, No. A-1715-09, A-1856-09 (App. Div. July 8,

---

[1] In 2021, the New Jersey Attorney General issued a directive instructing prosecutors to waive mandatory minimum sentences for certain offenses, including a leader of a narcotics trafficking network. See Off. of the Att'y Gen., Law Enf't Directive No. 2021-4, Directive Revising Statewide Guidelines Concerning the Waiver of Mandatory Minimum Sentences in Non-Violent Drug Cases Pursuant to N.J.S.A. 2C:35-12 2-4 (Apr. 19, 2021). Thereafter, defendant was resentenced, and his parole ineligibility was reduced to twenty years.

3

2013).  The Supreme Court denied defendant's petition for certification.  State v. McKinnon, 217 N.J. 285 (2014).[2]

In June 2014, defendant filed a petition for PCR.  The PCR court denied that petition and we affirmed.  State v. McKinnon, No. A-5751-14, A-0192-15 (App. Div. Nov. 17, 2017).  The Supreme Court, however, granted defendant's petition for certification and remanded the case to the PCR court for oral argument.  See State v. McKinnon, 233 N.J. 368 (2018).

In March 2019, the PCR court heard oral argument on defendant's petition and then denied the petition.  Defendant appealed.  We affirmed in part and remanded for an evidentiary hearing on one issue.  State v. Maddox, A-3540-18 (App. Div. July 8, 2020).  We held:  "The only issue that warrants an evidentiary hearing is defendant's contention that his trial counsel was ineffective in failing to call Gephart, Foster, and Muldrow."  Id. at 12.

On remand, the PCR court held an evidentiary hearing on October 18, 2023.  The court heard testimony from three witnesses:  defendant's trial attorney, defendant, and Gephart.  Neither Foster nor Muldrow testified because one of them had passed away and the other was "unavailable."

---

[2] Jason McKinnon was another co-defendant, who was tried and convicted with defendant.

Defendant's trial attorney testified that he was aware of all three witnesses, and he was also aware that they had each pled guilty. He detailed how he had discussed those witnesses with defendant and the potential that they could testify against defendant. He also testified that he decided not to call those witnesses because of their pleas and the statements they had given in connection with their pleas.

In contrast, defendant claimed that he had instructed his trial counsel to call the witnesses, but counsel had failed to do so. Gephart testified that if she had been called, she would have testified that she did not work for defendant.

The PCR court found defendant's and Gephart's testimonies to be incredible. Concerning Gephart, the PCR court pointed out that her testimony at the PCR hearing was less accurate than and inconsistent with the statements she made under oath when she pled guilty.

In contrast, the PCR court found trial counsel's testimony to be credible. Based on that testimony, the PCR court found that trial counsel had made a sound strategic decision not to call any of the three co-defendants as witnesses. The court also found that, even if called, the testimony of those three co-defendants would not have changed the outcome of the trial, given the

"overwhelming" evidence against defendant.  Thus, the PCR court entered an order denying defendant's petition.

II.

On this appeal, defendant makes one argument, contending that his trial counsel was ineffective in failing to call the three witnesses.  He articulates that argument as follows:

> BECAUSE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE FROM TRIAL COUNSEL, THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR RELIEF.[3]

When a PCR court conducts an evidentiary hearing, appellate courts defer to the PCR judge's factual findings so long as they are supported by substantial credible evidence.  State v. Nash, 212 N.J. 518, 540 (2013).  Legal issues, however, are reviewed de novo.  Id. at 540-41.

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test:  (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).  See also State v. Fritz, 105

---

[3] We have not included defendant's sub-point headings because they are not separate arguments.

6

N.J. 42, 58 (1987) (adopting the two-prong <u>Strickland</u> test in New Jersey). Under prong one, a defendant must establish that "counsel's representation fell below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 688. Under prong two, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.

"[A] defense attorney's decision concerning which witnesses to call to the stand is 'an art,' and a court's review of such a decision should be 'highly deferential.'" <u>State v. Arthur</u>, 184 N.J. 307, 321 (2005) (citation omitted) (quoting <u>Strickland</u>, 466 U.S. at 693, 689). Moreover, when a defendant asserts that his trial counsel failed to call certain witnesses, we consider "whether there is a reasonable probability that, but for the attorney's failure to call the witness, the result would have been different[;] that is, there would have been reasonable doubt about the defendant's guilt." <u>State v. L.A.</u>, 433 N.J. Super. 1, 16 (App. Div. 2013); <u>see also</u> <u>State v. Bey</u>, 161 N.J. 233, 261-62 (1999) (declining to find ineffective assistance of counsel where the proffered testimony "would not have affected the jury's deliberations").

After hearing testimony from trial counsel, defendant, and Gephart, the PCR court found that trial counsel had made a reasonable and well-grounded

7

strategic decision not to call Gephart, Muldrow, or Foster as witnesses. That determination was based on the PCR court's credibility findings. Those findings were supported by ample evidence at the PCR hearing, and we discern no basis to disagree with the PCR court's findings.

Additionally, the PCR court found that even if the three co-defendants had testified at defendant's trial, it was likely that defendant would still have been convicted. That finding was based on the very strong evidence that the State had presented at trial. Here again, the PCR court's finding is supported by substantial evidence. Indeed, we reviewed that overwhelming evidence and affirmed defendant's convictions on his direct appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1283-23